IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | C O M P L A I N T |
| TORQUED-UP ENERGY SERVICES, INC., | § § | JURY TRIAL DEMAND |
| Defendant. | § § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race and retaliation, and to provide appropriate relief to Michael Charleston who was adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (hereinafter the "Commission") alleges that Torqued-Up Energy Services, Inc. (hereinafter "Torqued-Up Energy Services"), subjected Michael Charleston to a hostile work environment based on his race, Black, that adversely affected the conditions of employment, in violation of Section 703(a) of Title VII. The Equal Employment Opportunity Commission also alleges that Torqued-Up Energy Services unlawfully retaliated against Michael Charleston for engaging in a protected activity, i.e. reporting racial discrimination, in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. Since at least July, 1, 2010, Defendant, Torqued-Up Energy Services, has continuously been a Delaware corporation doing business in the State of Texas, including in DeWitt County, and has continuously had at least 15 employees.

5. Since at least July 1, 2010, Defendant, Torqued-Up Energy Services, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michael Charleston filed a charge with the Commission alleging violations of Title VII by Defendant, Torqued-Up Energy Services.

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least July 5, 2010, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These unlawful employment practices include:

(a) Michael Charleston being subjected to a hostile work environment due to his race, Black, through severe, offensive, and demeaning behavior from employees and supervisors,

including, addressing Michael Charleston on a repeated, regular basis using racial slurs and derogatory terms such as "nigger" and "boy" during work;

(b)     Defendant's management and supervisory personnel, had knowledge of the discriminatory conduct, but allowed and participated in perpetuating the racially hostile environment;

(c)     Defendant failed or refused to take prompt and effective remedial measures to prevent and correct the discriminatory conduct;

(d)     Subjecting Michael Charleston to unlawful retaliation for reporting racial discrimination by removing Michael Charleston from a pump truck crew where he had been assigned to work as an equipment operator, and instead, relocating him to a company shop in Nordheim, Texas, where he was given more menial duties such as washing and fueling trucks, rather than the general duties performed by an equipment operator assigned to pump truck crews, and by reducing his work hours, which, in turn, caused a loss of income, including lost overtime pay he would have received working on a pump truck crew.  Charleston was also denied future opportunities for advancement and promotion by not being permitted to operate pump equipment on pump truck crews after reporting racial discrimination; and

(e)     The Commission also alleges that Torqued-Up Energy Services unlawfully retaliated against Michael Charleston for reporting racial discrimination by interfering with Charleston's subsequent employment after his employment ended with Defendant.  In particular, the EEOC alleges that Torqued-Up Energy Services' general manager assigned to Defendant's Office in Nordheim, Texas, informed a management official at Michael Charleston's then-employer, Flint Energy, that Michael Charleston had made a complaint of racial discrimination against Torqued-Up Energy Services while he was an employee of Defendant, and essentially characterized Michael Charleston as a liability to an employer based on Michael Charleston's

previous complaint of discrimination, which led to Flint Energy ending Michael Charleston's employment.

9.  The effect of the practices complained of in paragraph eight (8) above has been to deprive Michael Charleston of equal employment opportunities and to otherwise adversely affect his status as an employee because of his race, Black, and because he complained of and/or reported the racial harassment.

10.  The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11.  The unlawful employment practices complained of in paragraph eight (8) above were done with malice or with reckless indifference to the federally protected rights of Michael Charleston.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, Torqued-Up Energy Services, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which facilitates, condones, or encourages a hostile work environment based on race, Black, and from engaging in any other employment practices which discriminate on the basis of race;

B.  Grant a permanent injunction enjoining Defendant, Torqued-Up Energy Services, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any form of retaliation for engaging in conduct protected by Title VII;

C.  Order Defendant, Torqued-Up Energy Services, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all persons of all

races and to individuals who participate in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices;

      D.     Order Defendant, Torqued-Up Energy Services, to make whole Michael Charleston by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

      E.     Order Defendant, Torqued-Up Energy Services, to make whole Michael Charleston by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above, including relocation expenses, job search expenses, and medical expenses, in an amount to be determined at trial;

      F.     Order Defendant, Torqued-Up Energy Services, to make whole Michael Charleston by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, and loss of enjoyment of life, in an amount to determined at trial;

      G.     Order Defendant, Torqued-Up Energy Services, to pay Michael Charleston punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Charleston's federally protected rights, as described in paragraph eight (8) above, in an amount to be determined at trial;

      H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ David C. Rivela
by permission of Robert A. Canino
_____
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ David C. Rivela
by permission of Judith G. Taylor
_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
Federal ID No. 14850
E-mail: judith.taylor@eeoc.gov


/s/ David C. Rivela
_____
DAVID C. RIVELA
Texas State Bar No. 00797324
Federal ID No. 32914
E-mail: David.Rivela@eeoc.gov
Attorney-in-Charge

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**