IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § § Plaintiff, § § v. § § TORQUED-UP ENERGY SERVICES, INC., § § Defendant. § § § | Civil Action No. 6:12-CV-00051 |

## CONSENT DECREE

The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor, Michael Charleston ("Plaintiff-Intervenor") and Defendant, Torqued-Up Energy Services, Inc. ("Torqued-Up"). This Consent Decree resolves the allegations raised by the EEOC and Plaintiff- Intervenor in the above-referenced Civil Action No. 6:12-cv-00051.

The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, based on allegations of unlawful employment practices on the basis of race, African-American, and retaliation, and to provide appropriate relief to Michael Charleston, who claims he was adversely affected by such alleged practices. More specifically, the EEOC alleged that Torqued-Up subjected Michael Charleston to a hostile work environment because of his race, African-American and then retaliated against him for reporting the discrimination and for filing a charge of discrimination with the EEOC. Michael Charleston intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC as well as other claims under Title VII, 42 U.S.C. § 1981, and state law.

Torqued Up Energy Services, Inc. has filed answers to both the EEOC's and the Intervenor's Complaints and has denied both the EEOC's and the Intervenor's allegations.

The EEOC, Plaintiff-Intervenor and Torqued-Up wish to settle this action, without any admission of liability by any party and without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and Plaintiff-Intervenor against Torqued-Up; venue is proper, and all administrative prerequisites to the EEOC and Plaintiff-Intervenor's filings have been met.

2. The Parties agree that this Consent Decree resolves all issues raised in the EEOC's Complaint and the Complaint-in-Intervention in this case. The EEOC waives further litigation of all claims raised in its Complaint and/or Charge of Discrimination no. 451-2010-01765, and Plaintiff-Intervenor waives further litigation of all claims raised in his Complaint-in-Intervention. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Torqued-Up.

3. Torqued-Up Energy denies the allegations made by the EEOC and by the Intervenor and maintains that it did not engage in any unlawful actions based on race and that it did not retaliate against any individual employed there. This agreement is a compromise of disputed claims entered to avoid further disruption, costs, delay and expense of protracted litigation, and any payments or actions made hereunder are not and should not be construed as an admission of liability on the part of Torqued-Up Energy. Prior to approving and entering this

Consent Decree, the Court has made no findings of fact or conclusions of law as to the merits of any of the allegations of the EEOC or the Intervenor.

4. Defendant, Torqued-Up, specifically asserts that entering into this Consent Decree does not constitute, and shall not be construed as, an admission of liability or admission by Torqued-Up of any violation of any right of Mr. Charleston, or any harm to him of any kind whatsoever, or of any violation of any federal, state, or local statute, law, or regulation.

5. Defendant, Torqued-Up, is enjoined from engaging in any employment practice that discriminates on the basis of race, including any conduct which facilitates, condones, or encourages a hostile work environment based on race.

6. Defendant, Torqued-Up, is enjoined from retaliating against any employee because that person has opposed what they believe to be unlawful employment practices, including racial harassment or discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

7. On or before June 12, 2013, Defendant, Torqued-Up, shall, in settlement of this dispute, pay Mr. Charleston a total sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000); in one or more checks as instructed by Intervenor's counsel, to include FIFTEEN THOUSAND DOLLARS ($15,000) of which will be classified as back wages. The settlement check will be mailed to Mr. Charleston's attorney, John W. Griffin, MAREK, GRIFFIN & KNAUPP, P.O. Box 2329, Victoria, Texas 77902-2329. A copy of all the settlement checks and any accompanying transmittal documents shall be forwarded to Judith G. Taylor, Supervisory Trial Attorney, San Antonio Field Office, United States Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

8. Within ten (10) days of the entry of this Consent Decree, Defendant, Torqued-Up, shall, provide Michael Charleston with a reference letter setting forth the dates of his employment with Torqued-Up, a description of his position and responsibilities, and it will state that he satisfactorily performed all of his duties while employed. In responding to reference inquiries for prospective employers such inquiries will be directed to Torqued-Up's Human Resource Department, and it will state only the information contained in the reference letter. The reference letter must be submitted to the EEOC for review and approval within 5 days of the entry of this Decree. This provision shall survive the expiration of the Decree.

9. Within sixty (60) days of the entry of this Consent Decree, Defendant, Torqued-Up, shall adopt and implement a written anti-discrimination policy that meets the following criteria:

(a) States that Torqued-Up: (i) prohibits discrimination against any employee on the basis of race, in violation of Title VII; (ii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of race, in violation of Title VII; and, (iii) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to any employee through acts such as physical/verbal abuse and derogatory comments based on race, in violation of Title VII;

(b) Defines and provides examples of race-based discrimination, including racial harassment;

(c) Provides for prompt investigation of all race-based discrimination complaints and for prompt action, which is appropriate and effective, to remedy the discrimination;

(d) Provides that upon the conclusion of Torqued-Up's investigation, the results of the investigation and the remedial actions taken or proposed will be promptly communicated in writing to the complaining party;

(e) Provides for substantial and progressive discipline for violating Torqued-Up's race-based discrimination policy up to and including discharge;

  (f)  Requires that all employees report incidents of race-based discrimination to the person(s) identified by Torqued-Up as the person(s) charged with the responsibility for investigating discrimination complaints; and

  (g)  Requires that there shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices on the basis race, including but not limited to race harassment; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

  10.  Within sixty (60) days of the entry of this Consent Decree, Defendant Torqued-Up shall provide at least two (2) hours of training to its managers, supervisors. This training shall cover what constitutes race based discrimination, including racial harassment, and retaliation under Title VII of the Civil Rights Act of 1964. The training shall explain that discrimination on the basis of race, and in particular that racial harassment violates Title VII; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment. The individual(s) selected to conduct this training shall have experience in labor and employment law, and the EEOC shall have the right to approve the training and the instructor(s). Within twenty (20) days after the training has been completed, Defendant, Torqued-Up, shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

  11.  Within one hundred twenty (120) days of the entry of this Consent Decree, Defendant Torqued-Up also agrees that it shall provide at least one (1) hour of training to all its non-managerial/non-supervisor employees on race based discrimination, including racial harassment, and retaliation. The training shall explain that discrimination on the basis of race, and in particular that racial harassment violates Title VII; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to

victims, their families and co-workers, and the workplace environment. The individual(s) selected to conduct this training shall have experience in labor and employment law, and the EEOC shall have the right to approve the training and the instructor(s). Within twenty (20) days after the training has been completed, Defendant, Torqued-Up, shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date. All employees will be paid their normal rate of pay, and the training will occur during their normally scheduled workdays and work hours. Defendant, Torqued-Up, shall bear all costs associated with these training sessions.

12. Within twenty (20) days of the entry of the Consent Decree, Defendant Torqued Up will conduct individualized counseling and training to any individuals still employed by Torqued Up Energy who were implicated in any alleged discrimination or retaliation during the EEOC's investigation of the Intervenor's charge.

13. Within ten (10) days from the entry of this Consent Decree, Defendant, Torqued-Up, shall post a copy of the Notice attached as Exhibit "A" to this Consent Decree at its facilities in Laredo and Nordheim Texas in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Consent Decree. Defendant, Torqued-Up, shall ensure that the posting is not altered, defaced or covered by any other material.

14. The EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may:

(a) Conduct inspections at Defendant, Torqued-Up's facilities;

(b) Interview employees; and

(c) Examine and copy relevant documents.

15. Defendant, Torqued-Up, shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

16. The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

17. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

18. When this Consent Decree requires the submission by Defendant, Torqued-Up, of documents or other materials to EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

**SO ORDERED AND ENTERED** this _____ day of _____, 2013.

                                                HONORABLE GREGG COSTA
                                                UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

Signed this 24th day of May, 2013.

| | |
|---|---|
| **ATTORNEY FOR TORQUED-UP, INC.** | **ATTORNEYS FOR PLAINTIFF** |
| */s/ Paul E. Hash/* | *Robert A. Canino w/ permission by David C. Rivela* |
| PAUL HASH | ROBERT A. CANINO |
| Texas State Bar No. 09198020 | Regional Attorney |
| | Oklahoma State Bar No. 011782 |
| LAW OFFICES OF JACKSON LEWIS LLP | |
| 500 N. Akard, Ste 2500 | *Judith G. Taylor w/ permission by David C. Rivela* |
| Dallas, Texas 79201 | JUDITH G. TAYLOR |
| Telephone: (214) 520-2400 | Supervisory Trial Attorney |
| Facsimile: (214) 520-2008 | Texas State Bar No. 19708300 |
| | E-mail: judith.taylor@eeoc.gov |

*/s/ David C. Rivela/*

DAVID RIVELA
Trial Attorney
Texas Bar No. 00797324
E-mail: david.rivela@eeoc.gov

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7619
Facsimile: (210) 281-7669
E-mail: David.Rivela@eeoc.gov

8

ATTORNEYS FOR PLAINTIFF-INTERVENOR

*[signature]*

JOHN W. GRIFFIN
Texas State Bar No. 08460300

MAREK, GRIFFIN & KNAUPP
P. O. Box 2329
Victoria, Texas 77902-2329
Telephone: (361) 573-5500
Facsimile: (361) 573-5040

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES – YOUR RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. Federal law requires that there be no discrimination against any employee for employment because of that person's race, with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment. Torqued-Up Energy Services, Inc. ("Torqued-Up"), in particular, will not tolerate race-based discrimination, racial harassment, or retaliation against any employee because that person has opposed what he/she believes to be unlawful employment practices, including racial discrimination; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

    Torqued-Up, strongly supports and will comply with such Federal law in all aspects and it will not take any action against employees because they have exercised their rights under the law by filing charges with the U.S. Equal Employment Opportunity Commission. Racial discrimination occurs when an employment decision is made based on a person's race rather than on legitimate factors.

    Some examples of race discrimination are:

    * Segregating persons into job groups, units or departments by race;
    * Paying employees of different races differently for performing the same work because of race;
    * Treating employees of one race better than employees of another race because of race;
    * Giving members of one race a better job assignment than members of another race because of race;
    * Using racial slurs or epithets in the workplace;
    * Physically mistreating someone because of their race; and/or
    * Allowing racial graffiti to exist on the premises.

    This list is in no means exhaustive. There are other forms of race discrimination.

2. If you believe you are being discriminated against in any term, condition or privilege of your employment because of your race, or that you are being retaliated against for having engaged in Title VII-protected activity, you are encouraged to seek assistance or to report the alleged act as soon as possible to your immediate supervisor. Supervisors who are informed of an alleged incident of discrimination and/or retaliation have been instructed to immediately notify Torqued-Up's Human Resource Department.

      In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 OR 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

3.    No retaliatory action may be taken against you for seeking assistance, filing a charge, or communicating with the U.S. Equal Employment Opportunity Commission. EEOC enforces Title VII of The Civil Rights Act of 1964, which prohibits employment discrimination based on race.

    THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS, COMMENCING ON _____, 2013.

4841-1817-6532, v. 1